**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:24-cv-00834-MOC-SCR**

RVO HEALTH, LLC,

     **Plaintiff,**

v.

KEENAN KLINGER,

     **Defendant.**

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in the above-captioned civil action (hereafter, the or this "action") have been and will be presented with discovery requests seeking the production of documents and/or information that the parties and third-parties claim to contain trade secrets, confidential and proprietary information, or information of a personal or financial nature;

WHEREAS, each party maintains that the unprotected disclosure of its trade secret, confidential and proprietary information, or information of a personal or financial nature will be harmful to the party producing the information and/or harmful to third parties; and

WHEREAS, the parties desire to memorialize a framework regarding the use of trade secret, confidential, and proprietary discovery materials that are produced in connection with this action.

NOW THEREFORE, for good cause shown and pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and the stipulation of the Parties, the Court HEREBY ORDERS AS FOLLOWS:

1.      **Scope**. Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraph 2 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 9. However, this Protective order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom. This Protective Order does not apply to copies obtained outside of discovery in this litigation (e.g., in investigations prior to litigation).

2.      **Designation**.

A.      If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by marking such Discovery Materials in accordance with Paragraph 4. The grounds for designating Discovery Materials as CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" include, without limitation:

(i)      information prohibited from disclosure by statute, regulation, rule, or other law;

(ii)     information that reveals trade secrets, confidential and/or proprietary business information;

(iii)    research, technical, commercial, client, or financial information that has been maintained as confidential;

(iv)     personally identifiable information, including without limitation social security numbers and financial information associated with individuals; or

(v)     personnel or employment data of an individual.

B.     All "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designations must be based on good faith belief and shall be used selectively in regard to information that constitutes highly sensitive business or commercial information, or items that are considered to be of a sensitive personal, financial, or business nature which warrants protection beyond that which is afforded to Protected Information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". A designation of "CONFIDENTIAL: ATTORNEYS' EYES ONLY" constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party, and there is a valid, good faith basis for such designation.

C.     Use of Search Terms or Other Technology. The prosecution and defense of this civil action will require each Party to review and disclose significant quantities of information and documents, including Electronically Stored Information. As a result, a full page-by-page preproduction review of Discovery Materials may impose an undue burden on a Party's resources that is disproportionate to the needs of the discovery or litigation processes. Therefore, the Court determines that a Producing Party may designate Discovery Materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" based on search terms, filtering, or other method or computer technology employed to identify information that the Party in good faith believes may be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.

D.     Copies of this Protective Order may be provided to persons or entities not a party to this litigation. If the Producing Party is not a Party to this litigation and provides

documents in response to a Subpoena or otherwise, it may designate documents as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Protective Order.

E.      Information or documents that are available to the public may not be designated as Protected Information.

F.      The Producing Party may withdraw its designation of Discovery Materials as CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel of record orally withdraw the designation on the record during a deposition, or by other written communications from counsel. The Producing Party must withdraw its designation of Discovery Materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" if it intends to use the materials in litigation <u>and</u> it determines that the materials do not contain Protected Information (or otherwise voluntarily chooses to waive or change its level of designated protection).  Notice of any such withdrawal shall be provided to opposing counsel no less than three (3) business days prior to the intended use of such materials in litigation.

3.      **<u>Definitions</u>**.

A.      "Discovery Material" means documents, ESI, information, and all other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

B.      "ESI" means electronically stored information in any form, including but

not limited to conventional electronic documents (e.g. spreadsheets, pdf files, jpeg files, bmp files, text files, and word processing files), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g. of voicemail), and transcripts of instant messages.

C.      "Parties" means the parties to this litigation including counsel.

D.      "Producing Party" means: (i) a Party to this litigation including counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a non-party person or entity and counsel who is producing documents, ESI, or other materials in response to a subpoena lawfully served in connection with this action.

E.      "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" subject to this Protective Order by the Producing Party.

F.      "Non-Party Protected Information" means Discovery Materials that contain information the Parties received from a non-party and that has been designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by the Parties because (i) the submitting non-party has asserted that the Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rule of Civil Procedure, (ii) the submitting non-party has claimed that the Discovery Materials are protected from public disclosure when it submitted the materials to the Parties, or (iii) the Parties have informed the submitting non-party that the

Discovery Materials would be subject to this Protective Order and/or protected from public disclosure by applicable federal law.

G.     Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains employee information, financial data and information, research or development information, or any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential or proprietary information.

H.     Information designated as "HIGHLY CONFIDENTIAL" shall consist of documents containing "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" information, as defined in paragraphs 3(G) and (I), that: (i) contains information the party claims the opposing party has misappropriated or misused; (ii) the party was a recipient or sender of the information and such information relates to an event or occurrence taking place and/or (iii) contains information which the designating party believes, in good faith, constitutes heightened and/or highly sensitive confidential information that may only be viewed by, and not distributed to, necessary individuals for the purposes of a party's prosecution or defense. For purposes of production of documents as "HIGHLY CONFIDENTIAL", the designating party shall be permitted to redact that portion of the document that contains the most sensitive financial, confidential or trade secret information provided it allows the other party to understand and review the general content of the document to be able to address the claims or recall the events/occurrences taking place, and provided the party produces such document without such redactions on an "ATTORNEYS' EYES ONLY" basis so the opposing party's counsel can review the same.

I.      Information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall consist of "CONFIDENTIAL" information, as defined in paragraph 3(G), that the Producing Party reasonably believes in good faith to be of a particularly highly sensitive and confidential nature such that disclosure to in-house representatives of a Party or any person other than counsel of record for the Parties in this action would likely have the potential for causing significant competitive harm to the party's business and information which could be fairly characterized as a trade secret as that term is defined by Federal statute.

4.      **Marking of Discovery Materials as Subject to this Protective Order**. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to them, in a manner that shall not interfere with their legibility, the words "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" on all or any part of the documents or things. Wherever practicable, the designation of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" before entry of this Order shall be treated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 16.

5.      **Production Protocols**.

A.      In the case of Discovery Materials being produced electronically, the

Producing party shall produce protected information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in separate electronic folders corresponding to its marked designation.

B.    In the case of Discovery Materials being produced on electronic media (e.g. compact discs, memory sticks, flash drives, or hard-drives), the Producing Party shall produce Protected Information on separate media from other Discovery Materials, or, if the production media are rewritable, in electronic folders that segregate Protected Information and other Discovery Materials.

C.    Discovery Materials that are designated in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of the Producing Party's failure to comply with this paragraph.

6.    **Disclosure of Protected Information**.  Except as stated in subparagraphs below, or as otherwise ordered by this Court, the Parties shall not disclose Protected Information to any other person. Any documents or materials marked either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of this action; shall not be used for any personal, business, or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

7.    **Use and Access of Confidential Information**.  To the maximum extent permitted

by law, any use or disclosure of another Party's Confidential Information not permitted by this paragraph is prohibited. No Party may use or disclose the Confidential Information of another Party, in whole or in part, in any other manner.

  A. CONFIDENTIAL: ATTORNEYS' EYES ONLY: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

  (i) The Court or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action, subject to the filing or disclosing party complying with the requirements set forth in Paragraph 12 of this Order;

  (ii) Outside counsel for the Parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

  (iii) The designating party as to their own documents, except if the designating party is an entity, then any designee testifying on behalf of any entity under Rule 30(b)(6) as to the designating party's own documents and/or any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation and further provided that Defendant may only access documents produced by the Plaintiff in accordance with Paragraphs 7(B) and 7(C); and

(iv)    Any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 8 below; and

(v)    Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 8 below.

B.    HIGHLY CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i)    Persons described below in Paragraph 7(C) subparagraphs i – iv, vii, and viii;

(ii)    With respect to persons described in Paragraph 7(C)(i) or 7(C)(iv), protected information designated as "HIGHLY CONFIDENTIAL" may only be shown, but not distributed to (i.e., by email or otherwise) or retained by the individuals, and counsel for the Parties must maintain physical possession of "HIGHLY CONFIDENTIAL" documents for purposes of any disclosure to individuals under this Paragraph.

C.    CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i)     The parties to this action, including their employees who reasonably need access to such materials, provided however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(ii)    the Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action subject to the filing or disclosing party complying with the requirements set forth in Paragraph 12 of this Order;

(iii)   Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

(iv)    any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(v)     any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 8 below;

(vi)    any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 8 below;

(vii)   any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 8 below; and

(viii)  other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that any

such person has executed a certification in accordance with Paragraph 8 below.

8.     **Disclosure to Witnesses, Consultants and Technical Advisers and Certification of Confidentiality**. Before giving any witness, consultant or technical adviser access to information, documents or things designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY", the parties' counsel who seeks to disclose such information to such witness, consultant or technical adviser shall require the witness, consultant, or technical adviser to read and agree to be bound by this Order by signing a certification in the form set forth in Attachment A attached hereto.

The terms "technical adviser" and "consultant" shall mean any person, including but not limited to a proposed expert witness or trial/jury consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that no party, or person currently employed by a party, or person currently employed by any competitor of a party, shall so qualify hereunder. If a party desires to: (a) hire a "technical advisor" or a "consultant" who is currently employed by any competitor of a party; and (b) provide the "technical advisor" or a "consultant" with Protected Information that has been produced by another party or third party, the party seeking to hire the "technical advisor" or a "consultant" shall first notify all other parties or affected third parties in writing, and the notification shall include the name, address, and employer of the proposed "technical advisor" or a "consultant", and shall be delivered via Email. If the parties and/or any affected third parties are unable to agree within five (5) business days after receipt of the written notice required by this paragraph whether providing Protected Information to such "technical advisor" or "consultant" is permissible, then the party opposing the provision of such Protected

Information may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking a ruling that Protected Information may not be provided to such "technical advisor" or "consultant" or that Protected Information may only be provided to such "technical advisor" or "consultant" subject to certain conditions. Until a motion is filed and resolved by the Court, all Protected Information shall be handled as otherwise prescribed in this Order. Failure to file a motion within the time period prescribed by this paragraph shall constitute a waiver of the right to challenge the provision of Protected Information to such a "technical advisor" or "consultant", provided however, that all such Protected Information provided to such a "technical advisor", or "consultant" shall be handled in accordance with the terms of this Order.

9. **Depositions**.

    A.    All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty (30) days after the transcript is delivered in draft or final form to each Party that has ordered a copy unless the Parties in attendance at the deposition agree on the record or in writing to a shorter time period. For purposes of depositions occurring prior to January 31, 2025, deposition testimony shall be treated as Protected Information from the time that the deposition begins until seven (7) days after the transcript is delivered in draft or final form to each Party that has ordered a copy unless the Parties in attendance at the deposition agree on the record or in writing to a shorter time period.

    B.    Prior to the expiration of the time period provided in Paragraph 9(A), any Party may serve a Notice of Designation to all Parties identifying the specific portions of the deposition transcript and any attached deposition exhibits that are designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL:

ATTORNEYS' EYES ONLY" by giving written notice of such designation to every other party to the action. After the time period provided in Paragraph 9(A) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

C.      Notwithstanding anything to the contrary in Paragraph 9(B), a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7.

10.      **Filing of Protected Information**.  The Parties may not file Protected Information, except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with local rules and any other relevant orders of the Court.

11.      **Use of Protected Information at Trial or Hearing**. A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.      **Inadvertent Failure to Designate**.  An inadvertent failure to designate Discovery Materials as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony, except for deposition testimony related to Non-Party

Protected Information as provided in Paragraph 3. If a Producing Party designates a document as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 4. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has been designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY". If a Party identifies a document (not previously marked or identified as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "CONFIDENTIAL: ATTORNEYS' EYES ONLY") that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

13. **<u>Inadvertent Disclosure</u>**. If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, that Party must make reasonable efforts to (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iii) retrieve all unauthorized copies of the Protected Information. A Party that complies with the terms of this

Paragraph promptly after learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order.

14. **Challenges to Designations**. The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

      A.    <u>Meet and Confer</u>. A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party in writing. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b). For purposes of discovery occurring prior to January 31, 2025, the Producing Party must respond to the challenge within three (3) business days.

      B.    <u>Judicial Resolution</u>. If, after satisfying the requirements of Paragraph 16(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 16(a) of this Protective Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information

under the terms of this Protective Order. Challenges related to this Protective Order shall be submitted to the United States Magistrate Judge and shall comply with Section II.J. of the Pretrial Order and Case Management Plan, including the requirement to schedule and submit to an informal conference with the Court.

15. **<u>Effect of this Protective Order</u>**.

A.     The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

B.     Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

C.     Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party, non-party, or witness of documents, materials, or Information properly obtained by such party, non-party, or witness independently of discovery in this Action, regardless of whether such documents, materials, or Information also are obtained through discovery in this Action.

D.     Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

E.     Nothing in this Protective Order may be construed or presented as a final

judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Documents Requested or Demanded by Non-Parties**.

A.      If any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information: notify the Producing Party and provide a copy of the request; inform the person responsible for the discovery request of this Protective Order and provide them with copy of this Protective Order.

B.      The Parties shall not produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with:

(i)      This Protective Order (e.g. with the consent of the Producing Party);

(ii)     A directive of this Court removing the designation as Protected Information; or

(iii)    A lawful directive of another court.

C.      Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

17. **Obligations on Conclusion of Litigation**.

A.      Order Continues in Force. Unless otherwise agreed or ordered, this

Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

B. <u>Obligations at Conclusion of Litigation</u>. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

C. <u>Retention of Work Product and One Set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain:

(i)     Attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information; and

(ii)    One complete set of all documents filed with the Court including those filed under seal. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this Order. An attorney may use his or her work product in

subsequent litigation, provided that its use does not disclose or use Protected Information.

18. **<u>Final Disposition of Protected Information Subject to Court Order</u>**. Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disposition of protected materials at the conclusion of litigation. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation.

19. **<u>Order Subject to Modification</u>**. This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

20. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

21. This Stipulated Protective Order shall be retroactively in effect as of December 2, 2024.

**SO ORDERED**.

Signed: January 17, 2025

Susan C. Rodriguez
United States Magistrate Judge

**WE CONSENT:**

**DATE:** January 16, 2025                **BELL DAVIS & PITT, P.A.**

                                        *s/ Marc E. Gustafson*_____
                                        Marc E. Gustafson, N.C. State Bar No. 34429
                                        BELL, DAVIS & PITT, P.A.
                                        227 West Trade Street, Suite 1800
                                        Charlotte, NC 28202
                                        Telephone:    (704) 227-0400
                                        Facsimile:    (704) 227-0178
                                        Email:    mgustafson@belldavispitt.com

                                        Shannon McDonough (Admitted *pro hac vice*)
                                        V. John Ella (Admitted *pro hac vice*)
                                        Jamie P. Briones (Admitted *pro hac vice*)
                                        FAFINSKI MARK & JOHNSON, P.A.
                                        One Southwest Crossing
                                        11950 Viking Drive, Suite 420
                                        Eden Prairie, MN  55344
                                        Telephone:  (952) 995-9500
                                        Facsimile:  (952) 995-9577
                                        Email:    shannon.mcdonough@fmjlaw.com
                                                  john.ella@fmjlaw.com
                                                  jamie.briones@fmjlaw.com

                                        **Attorneys for Plaintiff RVO Health, LLC**

**DATE:** January 16, 2025                **FORD HARRISON LLP**

                                        *s/  Benjamin Fryer*_____
                                        Benjamin Fryer (N.C. Bar No. 39254)
                                        Ford Harrison LLP
                                        6000 Fairview Road, Suite 1415
                                        Charlotte, NC 28210
                                        Telephone:  980.282.1900
                                        bfryer@fordharrison.com

                                        **Attorneys for Defendant Keenan Klinger**

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:24-cv-00834-MOC-SCR**

| | |
|---|---|
| **RVO HEALTH, LLC,** | |
|      **Plaintiff,** | |
| **v.** | |
| **KEENAN KLINGER,** | |
|      **Defendant.** | |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENTTO BE BOUND**

     The undersigned acknowledges that he/she has read the attached Protective Order dated

_____ in the above-captioned action, understands the terms thereof, and agrees to

be bound by its terms.  The undersigned submits to the jurisdiction of the United States District

Court for the Western District of North Carolina in matters relating to the Protective Order and

understands that the terms of the Protective Order obligate it/him/her to use materials designated

as or asserted to be Protected Information in accordance with the specific terms of the Protective

Order. The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

*[Signature Page Follows]*

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Dated: _____     Signature: _____